**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

RONALD TELLEZ, )
)
      **Plaintiff,** )
)
vs. ) CIVIL NO. 07-cv-225-MJR
)
ROGER E. WALKER, JR., *et al.*, )
)
      **Defendants.** )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, formerly an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff complains about exposure to environmental tobacco smoke due to consistent cell assignments with smoking inmates.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

Plaintiff states that from March of 2005 through February 2006, he was housed in the protective custody unit at Menard. He alleges no cells in that unit are specifically reserved for non-smokers. Thus, except for six weeks during that year, he shared a cell with heavy smokers. He further alleges that he persistently requested to be housed with a non-smoker, but his requests and grievances were denied at every level of the administrative process. However, he alleges that other non-smoking inmates in protective custody were assigned to cell with other non-smokers. Finally, he claims that his cell-mate assignments were due in part to retaliation by Defendants for his persistent complaints about smokers.

The Supreme Court has held that an inmate "states a cause of action under the Eighth Amendment by alleging that petitioners have, with deliberate indifference, exposed him to levels of ETS [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Exposure to second-hand smoke can give rise to two types of Eighth Amendment claims – one for present injury and one for future injury. To state a claim based on present injury, an inmate must allege that prison officials knew of and disregarded "serious existing health problems" caused by the second-hand smoke. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). If the inmate has a serious respiratory condition that low levels of second-hand smoke may aggravate, the prison must provide a non-smoking environment. *See Powers v. Snyder*, 484 F.3d 929, 932 (7th Cir. 2007); *Alvarado*, 267 F.3d at 653. Such is not the case here; Plaintiff makes no allegation that he suffers from any particular health problem that is aggravated by exposure to ETS.

To state a claim based on future injury, an inmate must allege that prison officials knew of and disregarded exposure to levels of second-hand smoke that "pose an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35; *see Alvarado*, 267 F.3d at 651. Here, Plaintiff alleges that he shared a cell with a heavy smoker for almost a year, that he filed numerous requests for non-smoking cell mates without success, but that other non-smoking inmates had their similar requests granted. Coupled with his allegation that Defendants deliberately kept him with a smoker out of retaliation for his persistent complaints, these allegations are enough to state a claim based on a potential future injury. *See Lehn v. Holmes*, 364 F.3d 862, 864, 872 (7th Cir. 2004); *Alvarado*, 267 F.3d at 649-51.

In the statement of his claim, Plaintiff makes allegations against each named defendant except for Officer Moore. However, "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendant Moore is **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALKER, FORD, UCHTMAN, RAMOS, CONDER, SPILLER, REARDON, ALMS, MURRAY, WALLER** and **McDANIELS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALKER, FORD, UCHTMAN, RAMOS, CONDER, SPILLER, REARDON, ALMS, MURRAY, WALLER** and **McDANIELS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For

purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by

counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 25th day of September, 2008.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**