IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD TELLEZ,                            )
                                          )
             Plaintiff,                   )
                                          )
v.                                        )    Case No. 07-cv-0225-MJR-CJP
                                          )
ROGER E. WALKER, JR., et al.,             )
                                          )
             Defendants.                  )

MEMORANDUM and ORDER

REAGAN, District Judge:

### A. Introduction and Overview of Claims

Now before the Court is a January 29, 2009 motion for summary judgment (Doc. 31) filed by the eleven Defendants who remain in this action: (1) Roger E. Walker, Jr., (2) Melody J. Ford, (3) Alan Uchtman, (4) A. Ramos, (5) Gary Conder, (6) Betsy Spiller, (7) William Reardon, (8) James Alms, (9) Tyone Murray, (10) Lieutenant Walker, and (11) Sgt. McDaniels. The motion is fully briefed and ripe for determination. No hearing is needed to resolve the issues.

Ronald Tellez (Plaintiff), a prisoner in the custody of the Illinois Department of Corrections (IDOC), filed this pro se lawsuit under 42 U.S.C. §1983. He named twelve Defendants, all various correctional officials and guards at Menard Correctional Center, which is located within this Judicial District. On preliminary review in September 2008, the Court dismissed one Defendant (J. Moore) and construed Plaintiff's claims as follows (Doc. 7):

from March of 2005 through February 2006, [Plaintiff] was housed in the protective custody unit at Menard. He alleges no cells in that unit are specifically reserved for nonsmokers. Thus, except for six weeks during that year, he shared a cell with heavy smokers.

He further alleges that he persistently requested to be housed with a non-smoker, but his requests and grievances were denied at every level of the administrative process. However, he alleges that other non-smoking inmates in protective custody were assigned to cell with other non-smokers. Finally, he claims that his cell-mate assignments were due in part to retaliation by Defendants for his persistent complaints about smokers.

Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56, supporting their motion with a memorandum and exhibits, including an affidavit. Defendants served notice of the motion, as required by *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). Plaintiff filed a response in opposition, to which he attached exhibits, including affidavits. Defendants replied to Plaintiff's response.

The motion has two components. In part one, six Defendants (Roger Walker, Ford, Ramos, Conder, Alms and Murray) raise failure to exhaust administrative remedies. In part two, all eleven Defendants raise qualified immunity. Analysis begins with reference to applicable legal standards.

B. <u>Relevant Legal Standards</u>

1. SUMMARY JUDGMENT MOTIONS AND DISMISSAL MOTIONS

Defendants' motion is captioned as a motion for summary judgment and is supported by exhibits. However, the exhibits relate only to the first issue, exhaustion of administrative remedies. Only the first portion of the motion (based on exhaustion) truly seeks summary judgment.

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Estate of Suskovich v. Anthem Health Plans of Virginia,* Inc., 553 F.3d 559, 563 (7th Cir. 2009), *citing* Fed. R. Civ. P. 56(c). *Accord Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008); *Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).

In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party (here, Plaintiff). *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 600 (7th Cir. 2009); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

In response to summary judgment, the non-movant cannot rest on his pleadings. Rather, the non-movant must provide evidence on which the jury or court could find in *his* favor. *Maclin v. SBC Ameritech*, 520 F.3d 781, 786 (7th Cir. 2008). As the United States Court of Appeals for the Seventh Circuit explained earlier this year:

> [T]he non-moving party must submit evidence that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006). The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party.

*Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 531-32 (7th Cir. 2009).

Stated another way, to counter a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in his pleadings; more substantial evidence must be presented. And a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, 477 U.S. at 252.

As to the second portion of Defendants' motion herein (based on qualified immunity), the motion is really a motion to dismiss, governed by Federal Rule of Civil Procedure 12(b)(6). Dismissal is warranted under Rule 12(b)(6) if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In making this assessment, the District Court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Industries, Inc., Ltd. v. PriceWaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.), *cert. denied*, 128 S. Ct. 357 (2007); *Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006).

Stated another way, the question on a Rule 12(b)(6) motion is whether the complaint gives the defendant fair notice of what the suit is about and the grounds on which the suit rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Mosely*

*v. Board of Education of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006).

Additionally, although federal complaints need only plead claims (not facts), the pleading regime created by *Bell Atlantic* requires the complaint to allege a plausible theory of liability against the defendant. *Sheridan v. Marathon Petroleum Co., LLC*, 530 F.3d 590, 596 (7th Cir. 2008). *See also Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803-04 (7th Cir. 2008).

In *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008), the Seventh Circuit emphasized that even though *Bell Atlantic* "retooled federal pleading standards," notice pleading is still all that is required. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id. Accord Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008)(the allegations "**must be enough to raise a right to relief above the speculative level**"). Finally, this Court bears in mind that *pro se* pleadings (such as Plaintiff's) must be liberally construed. *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996).

2. EXPOSURE TO SECOND-HAND SMOKE

As a general proposition, the Constitution does not require a prison to provide an entirely smoke-free setting. *Powers v. Snyder*, 484 F.3d 929, 932 (7th Cir. 2007), instructs: "A prison is not required to provide a completely smoke-free environment, except for prisoners who have asthma or some other serious respiratory condition that even a low level of ambient smoke would aggravate…. A normal prisoner

must prove that he 'is being exposed to *unreasonably high levels*'" of environmental tobacco smoke. *Id.*

A prison inmate can make a § 1983 claim for exposure to second-hand smoke (also referred to as environmental tobacco smoke or "ETS") under certain circumstances. An inmate can state an Eighth Amendment claim for <u>present</u> injury if he alleges that he has "serious existing health problems" due to exposure to ETS, and prison officials are aware of and have disregarded those health problems. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). A prisoner also can bring a claim for <u>future</u> injury as a result of ETS exposure.

In 1993, the United States Supreme Court held that an inmate "states a cause of action under the Eighth Amendment by alleging that [defendants] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). To prevail on such a claim, a plaintiff must satisfy both prongs (objective and subjective) of the test described in *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).

To satisfy the *objective* prong of the test, the plaintiff "must show that he himself is being exposed to unreasonably high levels of ETS." *Helling*, 509 U.S. at 35. The objective prong:

> requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.

> In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate. *Id.*

To satisfy the *subjective* prong of test, the evidence must show that the defendants acted with deliberate indifference to the fact that the plaintiff is exposed to levels of ETS which "pose an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35. Where a plaintiff seeks injunctive relief and asserts that exposure to ETS is likely to cause him damage in the <u>future</u>, deliberate indifference: "should be determined in light of the prison authorities' current attitudes and conduct," and it is appropriate to consider "arguments regarding the realities of prison administration." *Id.*, 509 U.S. at 36-37.

On preliminary review in the case at bar, this Court found that Plaintiff has stated a claim for future, but not present, injury (*see* Doc. 7, pp. 2-3).

### 3. RETALIATION

Prison officials may not retaliate against inmates for exercising their First Amendment rights. An act that is otherwise permissible may violate an inmate's rights if it is done for the purpose of retaliating for the inmate's filing of grievances or lawsuits. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000).

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000), *quoting Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988). Speech need not involve a matter of public concern to qualify as protected speech. *Bridges v. Gilbert*, 557 F.3d 541, 551-552 (7th Cir. 2009). And

oral complaints about prison conditions, as well as written grievances, can constitute protected speech. *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006).

### 4. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff's claims are subject to the exhaustion requirement set forth in 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999), clarified that exhaustion of administrative remedies under § 1997e(a) – while not jurisdictional *per se* – is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. The exhaustion requirement applies to all claims "about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Significantly, exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* 42 U.S.C. § 1997e(a); *Perez*, 182 F.3d at 535-36. In other words, an inmate cannot file suit and then exhaust his administrative remedies while suit is pending. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Furthermore, exhaustion requires that a prisoner "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

In *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Seventh Circuit delineated a three-step process for cases in which exhaustion is contested. That process does not apply in the instant case, because the parties do not dispute what Plaintiff did (the documents he filed, the steps he took) to exhaust. No fact question lingers there. As is described below, the issue here (strictly a legal point) is whether those steps (which all agree were taken) *constitute* complete exhaustion.

5. QUALIFIED IMMUNITY

Qualified immunity is a defense available to government officials (including police officers and correctional officers) that affords them protection from civil liability. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lee v. Young*, 533 F.3d 505, 512 (7th Cir. 2008). Whether a defendant enjoys qualified immunity is determined by a two-step process. *Saucier v. Katz*, 533 U.S. 194 (2001), held that the court must first determine whether plaintiff has alleged a violation of a constitutional right. If the answer is yes, the court must go on to consider whether that right was clearly established at the time. *Saucier,* 533 U.S. at 210. As to the second inquiry, the contours of the constitutional right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Lee*, 533 F.3d at 512.

In *Pearson v. Callahan*, 129 S.Ct. 808 (2009), the Supreme Court explained that, in an appropriate case, the district court may deviate from rigid adherence to the sequence of the two-step *Saucier* process. "[W]hile the sequence set forth there is often appropriate, it should no longer be regarded as mandatory. The judges of the district courts and the courts of appeals should be permitted to exercise

their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S.Ct. at 819.

C. <u>**Analysis**</u>

As noted above, the first part of Defendants' motion seeks summary judgment based on Plaintiff's failure to exhaust. There is no dispute as to the facts regarding exhaustion. Plaintiff is *not* claiming that prison employees interfered with his efforts to exhaust a grievance. Nor is he claiming that he filed additional grievances that Defendants contend they never received. The record contains no indication that additional discovery is needed prior to resolution of the issued raised in Defendants' motion.

Defendants concede that Plaintiff exhausted a grievance about being housed with smokers in the protective custody unit at Menard. The grievance was dated April 18, 2005 and was assigned number 25-6-05. Copies of this grievance are attached to the complaint as well as to the motion before the Court (Doc. 31, Exh. B).

But the grievance named only Defendants Reardon, Lt. Walker, McDaniels, Spiller and Uchtman. The grievance did *not* name Defendants Roger Walker, Melody Ford, A. Ramos, Gary Conder, James Alms or Tyone Murray. On that basis, those six Defendants argue that administrative remedies have not been exhausted as to them.

Defendants' position is supported by the affidavit of Brian Fairchild, a Chairperson for the Administrative Review Board (ARB) in the Office of Inmate Issues (Doc. 31, Exh. A). He describes the IDOC grievance process generally and then

summarizes his review of ARB records relating to grievances filed by Plaintiff. Fairchild's affidavit establishes that Plaintiff exhausted only one grievance in which he complained about exposure to ETS, that is, the grievance dated April 18, 2005. Plaintiff did not exhaust a second-hand smoke grievance in which he named Roger Walker, Melody Ford, A. Ramos, Gary Conder, James Alms or Tyone Murray (*see* Doc. 31, Exh. A, ¶ 7).

In his response, Plaintiff identifies no other grievance and offers no caselaw countering Defendants' position. He simply relies on the grievance dated April 18, 2005, which plainly did not list all eleven Defendants herein. The Court finds merit in Defendants' argument that Plaintiff failed to exhaust as to all eleven Defendants.

The state may legitimately enact regulations which require "factual particularity" in a grievance. *Strong v. David*, 297 F.3d 646, 649-650 (7th Cir. 2002). Illinois has done so. 20 IL ADC 504.810(b), amended effective May 1, 2003, mandates that a grievance "shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

Defendants have not cited a case wherein the Seventh Circuit discussed exhaustion in these exact circumstances, *i.e.*, where a prisoner submitted a grievance which included some but not all defendants named in his subsequent § 1983 lawsuit. The undersigned Judge's independent research did not readily disclose such a case either.

However, the Supreme Court has held that exhaustion means "proper exhaustion," that is, the inmate must file a timely grievance using the procedures put in place by the prison system. *Woodford v. Ngo*, 548 U.S. 81 (2006). And the law of this Circuit emphasizes that the purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims administratively/internally, prior to federal litigation. Only when that is done has the prisoner properly exhausted all available remedies. *See, e.g., Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). That purpose is thwarted if an inmate is permitted to include in his federal complaint correctional officials not named in his prison grievance.

In view of *Woodford*, the Seventh Circuit's clear holding in *Strong* (allowing a state to require factual specificity in a grievance), and the purpose underlying the exhaustion requirement, this Court concludes that Plaintiff failed to exhaust administrative remedies as to six of the eleven Defendants prior to commencing this lawsuit. Therefore, dismissal is warranted as to those six Defendants (Roger Walker, Jr., Melody Ford, A. Ramos, Gary Conder, James Alms and Tyone Murray). The proper remedy for lack of exhaustion is dismissal without prejudice, however, *not* summary judgment.

Which leaves the portion of Defendants' motion based on qualified immunity. As explained above, this portion of the motion challenges what Plaintiff has *pled* or *alleged*, and Defendants submitted nothing beyond the pleadings on this issue, so the Rule 12(b)(6) standard applies here.

The Seventh Circuit has noted that:

Page 12 of 17

> [A] complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds. See, *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000). **Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate**: "[T]he plaintiff is not required initially to plead factual allegations that anticipate and overcome a defense of qualified immunity." As noted in *Jacobs*' concurrence, "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal .... and when defendants do assert immunity it is essential to consider facts in addition to those in the complaint."

*Alvarado v. Litscher*, 267 F.3d 648, 651-652 (7th Cir. 2001)(emphasis added).

Defendants contend that Plaintiff has not alleged a violation of a clearly established constitutional right (Doc. 31, p. 7, emph. added):

> Plaintiff has not *plead* that he had a level of increased risk of developing a serious medical condition. Similar to the Plaintiff in <u>Henderson</u>, Plaintiff has not *alleged* that he has ever been diagnosed with a medical condition that necessitated a smoke-free environment. A ruling by this Court that the defendants were required to protect the plaintiff from environmental tobacco smoke even where Plaintiff has no medical documentation that he has an increased likelihood of injury would be a change in the law. The defendants are entitled to qualified immunity if the Court makes this change in the law....

This contention misses the mark. The events giving rise to this lawsuit occurred between March 2005 and February 2006. In 1993, the Supreme Court held that an inmate "states a cause of action under the Eighth Amendment by alleging that [the defendants] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 30.

Furthermore, in 2004, the Seventh Circuit recognized that a plaintiff who

alleged that exposure to high levels of ETS "threatens his future health and causes him presently to suffer from headaches and burning eyes" stated a claim for "the type of injury that the Supreme Court found cognizable" in *Helling*. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004).

Here, the complaint alleges that Plaintiff has been exposed to "intolerable levels" of ETS which caused him eye irritation, sore throat, nausea and hoarseness, and that he has suffered "serious future health damages" (Doc. 1, p. 8). On preliminary review, this Court found these allegations to state a claim for future injury. On the record before this Court, under the standard governing this motion, that determination stands. Defendants are not entitled to qualified immunity.

Two other points regarding Defendants' qualified immunity argument bear brief note. First, Defendants appear to have conflated the elements of a claim for future injury with the elements of a claim for present injury. There is no requirement that a plaintiff seeking damages for *future* injury allege that he has been diagnosed with a medical condition that necessitates a smoke-free environment. Rather, a plaintiff must allege such a medical condition where he seeks damages for *present* injury. *Henderson*, 196 F.3d at 845-46 (7th Cir. 1999).

Moreover, Defendants' references to *Henderson* misstate the holding of that case. The plaintiff in *Henderson* attempted to plead claims for both present and future injuries. The district court granted a motion to dismiss as to the claim for <u>present</u> injuries, because plaintiff had not alleged that he suffered from a medical condition that necessitated a smoke-free environment. The Seventh Circuit affirmed. *Henderson*, 196

F.3d at 845-46.

The district court granted summary judgment for defendants on the claim for future injury, because plaintiff was unable to produce "competent and reliable expert medical testimony that there was a reasonable medical certainty that he himself faces some defined level of increased risk of developing a serious medical condition and that this increased risk was proximately caused by his exposure to second-hand smoke." The Seventh Circuit affirmed that decision as well. *Henderson*, **196 F.3d at 852**. The Seventh Circuit did *not* hold that the plaintiff failed to state a claim for future injury because he did not plead that he had a medical condition necessitating a smoke-free environment.

In the case sub judice, we are not at the summary judgment stage with respect to the qualified immunity defense. Defendants invoke qualified immunity on the basis of the pleadings. The constitutional right alleged by Plaintiff was recognized by the Supreme Court in *Helling* in 1993. At this stage, (a) Plaintiff is not required to come forward with proof of his claim, and (b) Defendants are not entitled to qualified immunity on the claim for *future* injury arising out of exposure to unreasonable levels of ETS.

Next, Defendants argue that they are entitled to qualified immunity on Plaintiff's retaliation claim (Doc. 31, p. 7):

> Because Plaintiff's retaliation claim is reliant on damages from future harm caused by ETS, and because Plaintiff has not alleged enough to recover for future damages from ETS, Plaintiff cannot recover for any retaliation claim, and Defendants are entitled to summary judgment.

The Court is not persuaded. It has long been established that prison officials may not retaliate against inmates for exercising their First Amendment rights. The retaliatory act need not itself violate the Constitution; an act that is otherwise permissible may violate an inmate's rights if it is done for the purpose of retaliating for the inmate's filing of grievances or lawsuits. *DeWalt,* 224 F.3d at 618 (7th Cir. 2000).

Tellez alleges that he was housed with smokers in retaliation for complaining and filing a previous lawsuit regarding exposure to second-hand smoke. A reasonable prison official in 2005 and 2006 could not have reasonably believed that he could lawfully retaliate against a prisoner for filing grievances or a commencing a lawsuit. Defendants are not entitled to summary judgment on this basis.

### D. Conclusion

For the reasons set forth above, the Court **GRANTS in PART and DENIES in PART** Defendants' motion for summary judgment (Doc. 31).

The motion is **GRANTED** only in that this Court finds that Plaintiff failed to fully exhaust his administrative remedies as to six of the Defendants – (1) Roger Walker, Jr.,(2) Melody Ford, (3) A. Ramos, (4) Gary Conder, (5) James Alms, and (6) Tyone Murray. The appropriate step is not summary judgment, however. Instead, the Court **DISMISSES** those six Defendants without prejudice, per *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

The motion is **DENIED** as to all other Defendants and on all other grounds.

Five Defendants remain in this case: (1) William Reardon, (2) Lt. Walker, (3) Sgt. McDaniels, (4) Betsy Spiller, and (5) Alan Uchtman. Defendants' future pleadings

herein **SHALL LIST ALL FIVE DEFENDANTS** in the style of the case, and defense counsel should include the *full* name of the Defendants now referred to only as "Lt. Walker" and "Sgt. McDaniels" (for sake of clarity and completeness of the record).

As the parties are aware, discovery closes on June 2, 2009, and the dispositive motion deadline is June 17, 2009 (*see* Doc. 26). This case is over two years old, and the undersigned District Judge typically denies motions to extend deadlines or continue settings in cases of this age. The parties, of course, may exercise their right to consent to this matter being handled by the Magistrate Judge assigned hereto, the Honorable Clifford J. Proud, who generally enjoys a more flexible civil docket/schedule. Defense counsel can obtain the form on this Court's website at www.ilsd.uscourts.gov (select "FORMS" from lefthand column and then "Consent"). The Clerk's Office shall provide a copy of the consent form with this Order to Plaintiff Tellez.

**IT IS SO ORDERED.**

**DATED this 27th day of May 2009.**

                       s/ *Michael J. Reagan*
                       **MICHAEL J. REAGAN**
                       **United States District Judge**