IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD TELLEZ,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.  **07-225-CJP** |
| ) | |
| **ROGER E. WALKER, JR., et al.,** ) | |
| ) | |
| Defendants. ) | |

### ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion for Relief from Order.  **(Doc. 44)**.

Plaintiff asks the Court to reconsider Judge Reagan's order of May 27, 2009, granting in part defendants' motion for summary judgment.  In that order, Judge Reagan found that plaintiff had failed to exhaust administrative remedies as to six of the defendants, namely, Roger Walker, Jr., Melody Ford, A. Ramos, Gary Conder, James Alms and Tyone Murray.  **See, Doc. 38.**

In his order of May 27, 2009, Judge Reagan found that plaintiff exhausted a grievance dated April 18, 2005, about being housed with smokers in the protective custody unit at Menard Correctional Center.  The grievance named some of the defendants, but did not name defendants Walker, Ford, Ramos, Conder, Alms or Murray.  Judge Reagan therefore granted the motion in part and dismissed the claims without prejudice as to those six defendants.

After Judge Reagan entered his order, the parties consented to final disposition by the undersigned, and the case was reassigned.  **See, Doc. 41**.

In the instant motion, plaintiff argues that Judge Reagan's decision should be reversed as to defendants Ramos, Alms, and Murray.  He argues that he was prevented from exhausting as to

those three defendants by prison employees.  Specifically, he alleges that he filed a grievance on July 13, 2005, which named those three defendants.  That grievance was returned to him by the grievance office on August 12, 2005, because the issue had been "previously addressed" in another grievance.

The reassignment of this case to a different judge does not present an open-ended opportunity for the parties to revisit decisions that have already been made.  In fact, the rule is quite the opposite; the "law of the case" doctrine creates a presumption that "earlier rulings will stand." ***Best v. Shell Oil Co.,*** **107 F.3d 544, 546 (7th Cir.1997)**.  This doctrine "reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one." ***Mendenhall v. Mueller Streamline Co*.**, **419 F.3d 686, 691 (7th Cir. 2005)(internal citation omitted).**  Thus, reconsideration of a previous ruling is authorized only "if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." ***Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571- 572 (7th Cir. 2006).**  Conversely, a judge is not free to reconsider a prior judge's decision "merely because he has a different view of the law or the facts from the first judge." ***Best*, 107 F.3d at 546, internal citation omitted.**

Plaintiff points to no compelling reason for reconsideration of Judge Reagan's previous order.  At most, he argues for a different view of the facts.  He does not argue that he actually exhausted a grievance as to Ramos, Alms, and Murray.  Rather, he argues that he was prevented by the grievance officer from exhausting as to them.  However, an equally plausible interpretation of the facts is that he failed to follow the prison's rules for exhaustion by filing serial grievances on the same issue.  Proper exhaustion means exhaustion of administrative

remedies according to the system's rules.  ***Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)**.  Plaintiff has not demonstrated that he followed the rules but was prevented from exhausting by prison employees.

For the foregoing reasons, plaintiff's Motion for Relief from Order **(Doc. 44)** is **DENIED**.

**IT IS SO ORDERED**.

**DATE: March 1, 2010.**

<u>**s/ Clifford J. Proud**</u><br>**CLIFFORD J. PROUD**<br>**U. S. MAGISTRATE JUDGE**

3